DA 17-0085

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 172N

FILED

07/11/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0085

IN RE THE ADOPTION OF:

L.R.B.,

     A minor,

IN RE THE ADOPTION OF:

D.W.B,

     A minor,

  by

WARREN REEVES,

     Petitioner and Appellant.


APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Madison, Cause Nos. DA 29-2016-4 and
DA 29-2016-5
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Thomas J. Karem, Attorney at Law, Bozeman, Montana

     For Appellee:

     Jonathan Bentley (Self-Represented), DeBary, Florida


          Submitted on Briefs:  June 14, 2017
               Decided:  July 11, 2017

Filed:

_____
           Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Warren Reeves appeals an order by the Fifth Judicial District Court, Madison County, denying his petition to terminate parental rights and denying his petition to adopt minor children L.R.B. and D.W.B. We address whether the District Court abused its discretion by denying Reeves' petition to terminate parental rights. We reverse and remand for further proceedings.

¶3 K.R. (Mother) and J.B. (Father) separated in October 2009. At the time of separation, L.R.B. was two years old and Mother was pregnant with D.W.B. On May 13, 2010, Mother and Father's marriage was legally dissolved. In July 2011, Mother married Reeves and, since that time, L.R.B. and D.W.B. have lived with Mother and Reeves. As of January 2017, Father owed $11,000 in child support, which amounts to nineteen missed support payments. Since the divorce, Father has had limited contact with the children, occasionally Skyping them, and only rarely visiting in person. After a hearing, the District Court issued an order denying Reeves' petition to terminate Father's parental rights and adopt the children. The District Court concluded that while Father's conduct is concerning and problematic, he has not abandoned the children.

2

¶4 We review a district court's decision on whether to terminate parental rights for abuse of discretion. *In re Adoption of A.W.S.*, 2016 MT 194, ¶ 16, 384 Mont. 278, 377 P.3d 1201. Abuse of discretion occurs when a district court "acts arbitrarily without conscientious judgment or exceeds the bounds of reason." *In re J.W.M.*, 2015 MT 231, ¶ 11, 380 Mont. 282, 354 P.3d 626.

¶5 Reeves sought termination of Father's parental rights pursuant to §§ 42-2-607 and -608, MCA. Reeves argued that Father is able to financially support his children but has failed to do so, termination is in the best interests of the children, Father is unwilling to establish and maintain contact with the children, Father poses a substantial risk of harm to the children, and failure to terminate Father's parental rights would be to the detriment of the children. On appeal, Reeves argues the District Court abused its discretion by failing to produce findings of fact and conclusions of law sufficient to support its denial of his petition. We agree.

¶6 When deciding whether to terminate parental rights pursuant to §§ 42-2-607 and -608, MCA, a district court "must make specific factual findings." *In re J.W.M.*, ¶ 12. In this case, the District Court issued a two-page order denying Reeves' petition. The order did not include findings of fact or conclusions of law with respect to several of Reeves' § 42-2-608, MCA, arguments. In support of its ultimate determination to deny Reeves' petition, the District Court noted that Father has significant faults, and is derelict in his support of the children, but offers no specific findings of fact with respect to whether termination is in the best interest of the children, whether Father is willing to maintain contact with the children, whether Father poses a risk of harm to the children, or

3

whether denying Reeves' petition to terminate parental rights would be detrimental to the children. The District Court abused its discretion by not making specific findings of fact. We reverse the order of the District Court and remand for a new hearing[1] and for the District Court to make specific findings of fact and conclusions of law.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling was an abuse of discretion.

¶8 We reverse and remand.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE

---

[1] Since the order on appeal was issued, the District Court Judge presiding over the matter has retired. It is therefore necessary to remand for a new hearing to the current District Court Judge since there is a new finder of fact to whom the evidence will be presented.

4